UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **BANK OF AMERICA, NATIONAL ASSOCIATION,** | CIVIL ACTION |
| Plaintiff, | CASE NO.: |
| v. | |
| **LEE M. MELCHIONNI,** | |
| Defendant. | |

## COMPLAINT

Bank of America, National Association ("BANA") hereby files this Complaint against Defendant Lee Melchionni ("Melchionni") to recover the balance of a Promissory Note that Melchionni executed on March 30, 2016. In support thereof, BANA avers as follows:

## THE PARTIES

1. BANA is a direct subsidiary of Bank of America Corporation, a Delaware corporation with its principal place of business located in Charlotte, North Carolina. U.S. Trust, Bank of America Private Wealth Management, is a

division of BANA ("U.S. Trust").  BANA is the Lender on Melchionni's Promissory Note.

2.     Melchionni was a Private Client Advisor at U.S. Trust.  Melchionni worked as a Private Client Advisor in U.S. Trust's Boston, Massachusetts office until January 16, 2017 and is currently a citizen in Georgia residing at 1537 Tryon Rd., NE, Brookhaven, GA 30319.

## JURISDICTION AND VENUE

3.     Subject matter jurisdiction exists by virtue of diversity of citizenship, 28 U.S.C. §1332.  For diversity purposes, a national bank is a citizen of the state in which the bank's main office is located.  Therefore, for purposes of 28 U.S.C. § 1332, BANA is a citizen of North Carolina.   The matter in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and complete diversity of citizenship exists.

4.     Venue is proper in the United States District Court for the Northern District of Georgia because BANA regularly conducts business in this judicial district and Defendant resides within this judicial district.

## FACTS

5.     The averments of paragraphs 1 through 4 are incorporated by reference herein with the same force and effect as if set forth in full below.

6. On March 30, 2016, Melchionni received a loan in the amount of $76,728.27 for which he also executed a Promissory Note in which he agreed to repay the amount of $76,728.27 to BANA or its affiliates, with interest at the rate of no less than 2.95% per annum. A copy of the Promissory Note is attached hereto as **Exhibit A**.

7. Pursuant to the Promissory Note, Melchionni would repay the principal of the loan, together with interest (at 2.95% per annum) on a quarterly basis, beginning on or about sixty (60) days following the quarter ending June 30, 2016, and continuing for a total of nineteen (19) deductions. Specifically, the Promissory Note provides that:

> [t]he Employee [Melchionni] hereby **unconditionally promises** to pay to the order of Bank of America, National Association ("BANA") or to the legal holder of this Note at the time of payment (collectively the "Lender"), the principal sum of **Seventy Six Thousand Twenty Eight Dollars and 27/100 Dollars ($76,728.27)** in lawful money of the United States of America, **with interest** at the rate of two and ninety-five hundredths percent (2.95%).

See **Exhibit A**, page 1, (emphasis added).

8. According to the Promissory Note, Melchionni was obligated to repay BANA the $76,728.27 principal amount, plus interest, in 19 quarterly payments of $4,342.72.

9. Melchionni's employment with BANA terminated on January 16, 2017. At the time of his departure, the balance due and owing under the Promissory Note was $72,689.94.

10. In addition, because the deductions from Melchionni's compensation were insufficient to cover the full amount of his loan payments during his employment, he accrued an arrearage balance (suspense) of $834.79.

11. Melchionni has not made any additional loan payments since his departure from BANA on January 16, 2017. Thus, the total balance due and owing under the Promissory Note is $73,524.73.

12. Melchionni further owes interest on the unpaid balance at 2.95% per annum from January 16, 2017 to the date of satisfaction. The amount of interest that currently accrues on the outstanding loan balance is $5.94 per day.

13. Pursuant to the terms of the Note, the outstanding balance and accrued but unpaid interest become due and immediately payable upon the termination of Melchionni's employment with BANA for any reason. See **Exhibit A**, page 2, ¶ 2(a).

14. On January 10, 2018, BANA declared the Promissory Note due and payable and made demand for the full outstanding principal balance plus interest

accrued up until time of payment.  See Letter from Jason K. Roberts, Esq. to Lee Melchionni dated January 10, 2018, attached as **Exhibit B**.

15. On January 26, 2018, BANA made a second demand upon Melchionni to satisfy his obligations under the Promissory Note.  See Letter from Jason K. Roberts, Esq. to Lee Melchionni dated January 26, 2018, attached as **Exhibit C.**

16. On February 14, 2018, BANA made a third and final demand upon Melchionni to satisfy his obligations under the Promissory Note.  See Letter from Jason K. Roberts, Esq. to Lee Melchionni dated February 14, 2018, attached as **Exhibit D**.  BANA attached a draft copy of this *Complaint* to its letter.

17. Despite BANA's demands, Melchionni has failed to repay the full amount of his outstanding obligations.

18. Plaintiff has brought this action to recover the outstanding balance under Melchionni's Promissory Note in the amount of $73,524.73, together with continuing interest on the balance of $5.94 per day, accumulating from January 16, 2017, through final payment of the outstanding loan balance.

19. Finally, pursuant to the terms of the Promissory Note, Melchionni

also agreed to pay BANA's reasonable attorney's fees in the event legal proceedings were required for collection on the Promissory Note.  See **Exhibit A**, page 3, ¶ 4.

20. Specifically, the Promissory Note provides:

[w]here permitted by law, the Employee shall reimburse the Lender for any and all damages, losses, costs and expenses (including attorneys' fees and court or arbitrator costs) incurred or sustained by the Lender as a result of the breach by the Employee of any of the terms of this Note or in connection with the enforcement of the terms of this Note.

21. To date, the fees incurred by the Lender as a result of Melchionni's failure to satisfy his outstanding loan balance exceed $5,000.00.

22. As a result of Melchionni's failure to repay the amount under the Promissory Note, Plaintiff has been forced to initiate this proceeding to recover the balance of the Note.  Because Plaintiff has been forced to initiate such legal proceedings, Melchionni is contractually obligated to pay all costs, including the filing fees paid by Plaintiff in this action, together with all attorney's fees and costs incurred in the proceeding of this matter.

## **COUNT I - CLAIM FOR BREACH OF PROMISSORY NOTE**

23. The averments of paragraphs 1 through 22 are incorporated by reference herein with the same force and effect as if set forth in full below.

24. Melchionni's failure to repay the Promissory Note constitutes a breach of his contractual obligations.

25. By his actions, Melchionni has violated the terms of his Promissory Note and Plaintiff has been harmed thereby.

26. Under Georgia law, Melchionni's agreement to repay the Promissory Note is valid and enforceable.

## **COUNT II – CLAIM FOR UNJUST ENRICHMENT**

27. The averments of paragraphs 1 through 26 are incorporated by reference herein with the same force and effect as if set forth in full below.

28. If Melchionni is permitted to retain the monies loaned to him without repaying Plaintiff, he will be unjustly enriched at Plaintiff's expense.

**WHEREFORE**, Plaintiffs request payment in the amount of: (a) **$73,524.73** (**the outstanding balance of the Promissory Note**); (b) interest in the additional amount of 2.95% per annum from January 16, 2017 through such date as the principal and interest are fully paid (accumulating at a rate of $5.94 per day); (c)

attorney's fees and costs as determined by the Court following trial; and (d) any additional relief the Court deems just and appropriate.

Respectfully submitted this 1st day of May, 2018.

By: /s/ *Amanda Wilson Speier*
Amanda Wilson Speier
Georgia Bar No. 659237
Taylor English Duma LLP
1600 Parkwood Circle
Suite 200
Atlanta, GA, 30339
Telephone: 678-426-4618


*/s/ Jason K. Roberts*
Jason K. Roberts
*(pro hac vice pending)*
Lati W. Spence
*(pro hac vice pending)*
RUBIN, FORTUNATO & HARBISON P.C.
10 South Leopard Road
Paoli, PA 19301
(610) 408-2056 (telephone)
(610) 854-0392 (facsimile)

*Attorneys for Plaintiff*
*Bank of America, National Association*