**EXHIBIT "A"**

## PROMISSORY NOTE

Amount: $76,728.27          City and State: boston, massachusetts          Date: March 30 2016

**FOR VALUE RECEIVED,** and other good and valuable consideration, the Employee, Melchionni, Lee ("Employee") hereby unconditionally promises to pay to the order of BANK OF AMERICA, NATIONAL ASSOCIATION ("BANA") or the legal holder of this Note at the time of payment (collectively "the Lender"), the principal sum of Seventy Six Thousand Seven Hundred Twenty Eight Dollars and 27/100 Dollars ($76,728.27) in lawful money of the United States of America, with interest at the rate of two and ninety-five hundredths percent (2.95%). This Note is subject to the following further terms and conditions:

1. Mandatory Amortization.

The sum of Four Thousand Three Hundred Forty Two Dollars and 72/100 Dollars ($4,342.72), shall be due and payable each quarter by the Employee to the Lender pursuant to the attached loan schedule. Such amount shall be deducted from the Employee's compensation from BANA at the time compensation is paid on or around 60 days following the quarter ending June 2016 and continuing in each subsequent incentive compensation payment for a total of Nineteen (19) quarterly deductions. For purposes of this Note, "compensation" shall include, but not be limited to, incentive compensation, transition compensation and/or bonuses, but does not include salary paid to the Employee by BANA. By signing this Promissory Note (the "Note") the Employee explicitly authorizes the Bank to deduct the above amount from compensation on a quarterly basis, as long as the loan remains unpaid. The Employee acknowledges that BANA will make these deductions solely to facilitate the payment of interest and principal on this Note and that these deductions are a benefit to the Employee.

Signed Wednesday, March 30, 2016 at 11:59:58 PM                    Keith Banks  *(signature)*

Should the combined net after-tax amount of the Employee's compensation for any quarter be an amount less than Four Thousand Three Hundred Forty Two Dollars and 72/100 Dollars ($4,342.72), then the Lender may recover, without limitation, any deficiency from any account held at the Lender or its affiliates by the Employee alone or jointly with another, and/or from any compensation, credits, or property of the Employee that is/are in the possession or control of the Lender or its affiliates for any reason (except that in no event shall any amounts be deducted from the Employee's salary). Additionally, the Employee understands and agrees that any deficiency outstanding at the end of any quarter shall be due and payable and be deducted from any subsequent compensation and as set forth elsewhere in this Note. Lender's right to recover any deficiency shall not be limited to recovery from subsequent compensation, but rather Lender shall have a right to full recovery and may pursue all recourses permitted by law.

2. Mandatory Prepayment.

Notwithstanding anything to the contrary contained herein, all outstanding principal and accrued but unpaid interest on this Note shall become due and immediately payable if (a) the Employee's employment is terminated with the company for any reason; or (b) the Employee becomes insolvent or files for bankruptcy.

The Employee understands and agrees that, in the event mandatory prepayment is triggered, to the maximum extent permitted by law, the Lender shall have the right to place "pend" status on, hold as security, subject to a lien, and/or deduct all outstanding principal and accrued but unpaid interest from any account held by Employee at the Lender or its affiliates, whether alone or jointly with another ("Employee's accounts").

Signed Wednesday, March 30, 2016 at
11:59:58 PM                                          Keith Banks  /s/ Keith Banks

Lender's right to recover all amounts due under this Note shall not be limited to recovery from Employee's accounts, but rather Lender shall have a right to full recovery and may pursue all recourses permitted by law.

3. Prepayment at Option of the Employee.

The Employee may, at his/her option and upon no less than ten (10) business days notice to the Lender, prepay this Note in full at any time without penalty or premium in lawful money of the United States. There shall be no right to prepay this Note in part.

4. Payment.

All payments and prepayments of principal and interest on this Note shall be made to the Lender or its order in lawful money of the United States of America. In the event the Employee fails to timely make any payments due and owing under the Note, the accrued and unpaid interest hereunder shall thereafter bear the same rate of interest as the principal hereunder, but in no event shall interest be charged that would violate any applicable usury law. The Employee hereby expressly waives presentment and demand for payment, protest, notice of dishonor and all other demands and notices of any kind at such time as any payments are due under this Note. Where permitted by law, the Employee shall reimburse

the Lender for any and all damages, losses, costs and expenses (including attorneys' fees and court or arbitrator costs) incurred or sustained by the Lender as a result of the breach by the Employee of any of the terms of this Note or in connection with the enforcement of the terms of this Note.

5. Nature of Obligations.

This Note is a full recourse Note against the Employee. The Employee shall be personally liable for full payment of the unpaid principal balance of this Note and accrued interest hereunder.

Signed Wednesday, March 30, 2016 at
11:59:58 PM                                                    Keith Banks   *[signature]*

No provision of this Note shall alter or impair the obligation of the Employee, which obligation is absolute and unconditional, to pay the outstanding principal balance and accrued interest owing under this Note at the time, and in the manner set forth herein. The Employee agrees that any amounts due under this Note are not consumer debt, and that any debt incurred hereunder is not primarily for personal, family or household purposes, but for business and commercial purposes only.

6. Offsets.

If the Employee's repayment obligations hereunder are not satisfied in full when due, the Lender shall be entitled (to the extent permitted by law) to apply any amounts owed to the Employee by the Lender or its affiliates as an offset against any repayment deficiency. In addition, to the extent the Employee is required by law and/or policy to maintain personal accounts and investments at the Lender or its affiliates, the Lender shall be entitled (to the extent permitted by law) to offset any amounts owed with property, securities, or funds in such accounts or investments.

7. Miscellaneous.

(a) No previous waiver and no failure or delay by the Lender or the Employee in acting with respect to the terms of this Note shall constitute a waiver of any breach, default or failure of condition under this Note or the obligations secured thereby. A Waiver or modification of any term of this Note or any of the obligations secured thereby must be made in writing and signed by a duly authorized officer of the Lender and shall be limited to the express terms of such waiver or modification.

Signed Wednesday, March 30, 2016 at
11:59:58 PM

Keith Banks *(signature)*

Employee may not rely on any oral waivers or modifications and no such oral waiver or modification shall be binding on Lender or otherwise effective.

(b) This Note fulfills any promise by BANA or its affiliates to issue a loan to the Employee upon the Employee satisfying certain conditions, including but not limited to an Offer Letter or Asset Gathering Loan Commitment Agreement.

(c) This Note does not constitute an Agreement to employ Employee for a specified period of time, and Employee's employment with BANA may be terminated at any time, with or without notice or cause.

(d) Nothing herein shall require an indemnity or authorize a deduction that violates the law of the state in which Employee is employed at the time the indemnity obligation or deduction would be made.

(e) The provisions of this Note shall be severable and, if any provisions hereof shall be determined by a court or arbitrator(s) to be legally unenforceable or void, Employee agrees the remaining provisions of this Note shall be deemed valid and fully effective.

(f) All notices and other communications hereunder shall be in writing and will be deemed to have been duly given if delivered or mailed.

(g) The headings contained in this Note are for reference purposes only and shall not affect in any way, the meaning or interpretation of the provisions hereof.

Signed Wednesday, March 30, 2016 at 11:59:58 PM

Keith Banks

(h) This Note shall inure to the benefit of the Lender, its affiliates, and any successors in interest to the Lender's business, whether through merger, acquisition, sale, or other transfer. The Lender may assign any or all of its rights, obligations and interests hereunder to any party without the consent of the Employee. The Employee shall not have the right to assign any of his/her rights, obligations or interests hereunder.

(i) This Note contains the complete understanding between the Employee and the Lender relating to the matters contained herein and supersedes all prior oral, written and contemporaneous oral negotiations, commitments and understandings between and among the Lender and the Employee. The Employee did not rely on any statements, promises or representations made by the Lender or any other party in entering into this Note.

(j) This Note shall be construed and enforced in accordance with the laws of the State in which it was executed, as indicated above.

**IN SELECTING THE ACCEPTANCE ICON BY FOLLOWING THE INSTRUCTIONS PROVIDED WITH THIS NOTE, THE EMPLOYEE ACKNOWLEGES THAT THIS NOTE HAS BEEN DULY EXCUTED AND DELIVERED ON THE DATE FIRST ABOVE WRITTEN.**

Melchionni, Lee  
100 FEDERAL STREET, BOSTON, MASSACHUSETTS

Signed Wednesday, March 30, 2016 at 11:59:58 PM

Keith Banks *(signature)*

**Payment Agreement**

This Agreement is made this March 30 2016, by and between Bank of America, N.A. ("BANA"), a North Carolina corporation and Melchionni, Lee ("Employee").

WHEREAS, BANA and Employee believe it mutually advantageous to provide the payments referenced below to Employee in consideration of Employee's continued services on behalf of BANA;

NOW THEREFORE, the parties hereto agree as follows:

1. Employee shall devote his/her full time and effort to servicing the needs of BANA's investors and customers.

2. Service Payments.

(a) Subject to required withholding for federal, state and local taxes, Employee shall be entitled to quarterly compensation payments in the amount of Four Thousand Three Hundred Forty Two Dollars and 72/100 dollars ($4,342.72) beginning on or about 60 days following the quarter ending June 2016 and continuing in each subsequent incentive compensation payment for a total of Nineteen (19) quarterly payments ("Service Bonuses"). The Service Bonuses described in this paragraph are not eligible for computation of benefits (usually known as "non eligible compensation"), and shall not count as earnings for purposes of any Bank bonus or incentive compensation plan. Employee shall cease to be entitled to the above-described Service Bonuses upon the termination of his/her employment for any reason.

Signed Wednesday, March 30, 2016 at
11:59:58 PM                                           Keith Banks  *[signature]*

(b) In the event that Employee dies, becomes disabled (as defined in the applicable Long Term Disability Plan) ("Disability"), or is terminated without Cause (defined below), Employee will no longer be entitled to Service Bonuses under this Agreement. Instead, BANA agrees to pay Employee or his/her estate a lump sum payment equal to the remaining Service Bonuses under paragraph 2(a) less any outstanding debts Employee owes BANA. Such lump sum shall be paid as soon as administratively possible (but in no event later than 2 ½ months after the end of the calendar year in which the death, Disability, or termination without Cause occurs). In the event that Employee resigns or his/her current employment is terminated for Cause, Employee shall cease to be entitled to the above-described Service Bonuses and will not receive any lump sum payment as described in this paragraph.

3. For the purposes of this Agreement, "Cause" shall mean:

(i) violation of federal securities laws, rules or regulations;

(ii) violation of any rules or regulations of any regulatory or self-regulatory organization;

(iii) violation, as reasonably determined by BANA management, of BANA's rules, regulations, policies, practices, directions and/or procedures;

(iv) criminal conduct that could either result in Employee's statutory disqualification or could reasonably result in harm to BANA or BANA's reputation, as reasonably determined by BANA management;

(v) a suspension, bar, or limitation on Employee's activities for BANA by any regulatory or self-regulatory organization;

(vi) violation of BANA's policies against discrimination and harassment;

Signed Wednesday, March 30, 2016 at 11:59:58 PM

Keith Banks

(vii) failure to maintain license(s) and required registration(s);

(viii) dishonesty in connection with Employee's employment as a BANA associate; or

(ix) failure to fulfill or to meet any financial obligations that exist between you and BANA or any of its affiliates for a period of two consecutive quarters that occur outside of the first eighteen months of employment; or

(x) failure to perform essential job duties where such failure is injurious to BANA, its business interests or its reputation.

4. BANA may freely assign its obligations under this Agreement, but Employee shall have no right of assignment.

5. Nothing herein is a promise of employment for a fixed term or otherwise modifies the at-will status of Employee's employment. Employee shall be employed on an at-will basis and nothing herein shall be construed as a contract of employment for a definite period of time or term.

6. This Agreement constitutes the sole agreement between the parties as to the subject matter hereof. In executing this Agreement, Employee represents that he/she has not relied upon any statement or representation (whether verbal, written, or otherwise, e.g. side agreement) not set forth herein. This Agreement may not be modified or amended unless done so in writing and signed by both the Employee and BANA National Management or its equivalent.

Signed Wednesday, March 30, 2016 at 11:59:58 PM

Keith Banks

7. EMPLOYEE HAS READ AND REVIEWED THIS AGREEMENT IN ITS ENTIRETY AND HAS HAD SUFFICIENT OPPORTUNITY TO RECEIVE LEGAL COUNSEL. EMPLOYEE EXPRESSLY REPRESENTS AND WARRANTS THAT NO PROMISES OR REPRESENTATIONS HAVE BEEN MADE THAT VARY WITH OR ARE INCONSISTENT WITH THE TERMS AND CONDITIONS SET FORTH ABOVE. EMPLOYEE FULLY UNDERSTANDS THE TERMS OF THIS DOCUMENT AND KNOWINGLY AND FREELY AGREES TO ABIDE BY THEM.

8. This Agreement shall be construed and enforced in accordance with the laws of the State in which it was executed.

**IN SELECTING THE ACCEPTANCE ICON BY FOLLOWING THE INSTRUCTIONS PROVIDED WITH THIS AGREEMENT, THE EMPLOYEE ACKNOWLEGES THAT THIS AGREEMENT HAS BEEN DULY EXCUTED AND DELIVERED ON THE DATE FIRSTABOVE WRITTEN.**

Melchionni, Lee
100 FEDERAL STREET, BOSTON, MASSACHUSETTS

Signed Wednesday, March 30, 2016 at
11:59:58 PM                                      Keith Banks