IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:

CASES ASSIGNED TO JUDGE
MICHAEL L. BROWN

## STANDING ORDER REGARDING CIVIL LITIGATION

This case has been assigned to Judge Michael Lawrence Brown. Judge Brown provides this Standing Order to inform the parties about his policies, procedures, and practices in order to promote the just, speedy, and economical disposition of cases. This order, in combination with the Local Rules of this Court and the Federal Rules of Civil Procedure, shall govern this case, superseding any previous case instruction orders.

## CASE ADMINISTRATION

a.   **Contacting Chambers**

Benjamin Thurman, the Courtroom Deputy Clerk, is your principal point of contact on matters related to this case. Communications with Mr. Thurman should be via email or in writing addressed as follows:

Honorable Michael L. Brown
ATTN: Benjamin Thurman
Courtroom Deputy Clerk
1942 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309
Benjamin_Thurman@gand.uscourts.gov

If a telephone call is necessary, you may reach Mr. Thurman at 404-215-1535 (direct dial). Please note that Mr. Thurman is often in the courtroom, so telephone messages may not be returned for 24 hours. Neither the parties nor their counsel should discuss the merits of the case with Mr. Thurman or any of the Court's law clerks.

**b.     Courtesy Copies**

For emergency motions filed pursuant to Local Rule 7.2(B), motions for TRO or motions *in limine*, you should submit courtesy copies of your pleadings to chambers by hand-delivery. Otherwise, courtesy copies are unnecessary. *See also* Paragraph regarding Motions for Summary Judgment.

**c.     Attorneys**

In the event lead counsel has been admitted pro hac vice, local counsel is required to be familiar with the case, and may be called upon to attend hearings or participate in conferences on behalf of lead counsel.

**d.     Leaves of Absence**

Counsel are encouraged to review their calendars and submit as early as possible any requests for leave of absence. Leave requests shall comply with Local Rule 83.1. All requests for or notices of leaves of absence must be electronically filed. Counsel should not mail or hand-deliver paper copies to chambers.

**CASE MANAGEMENT**

**a.     Jurisdiction Based on Diversity of Citizenship**

For a limited liability company ("LLC"), or other unincorporated entity, the plaintiff or removing defendant must list each member of the LLC or unincorporated entity and provide specific factual allegations to support the citizenship of each member of the LLC or unincorporated entity. *See Camden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (citizenship of an unincorporated entity generally depends on the

citizenship of all the members composing the organization; limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("to sufficiently allege the citizenship of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company"); *RES-GA Creekside Manor, LLC v. Star Home Builders, Inc.*, No. 2:10-cv-207, 2011 WL 6019904, at *3 (N.D. Ga. Dec. 2, 2011) ("when an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court").

**b.     Extensions of Time**

The Court will set reasonable but firm deadlines.  Motions for extension, whether joint, unopposed, or designated as consent, will not be granted as a matter of course.  Parties seeking an extension should explain with specificity the unanticipated or unforeseen circumstances necessitating the extension and should set forth a timetable for the completion of the tasks for which the extension is sought.  Parties should indicate whether opposing counsel consents to the extension.  A proposed order must be provided.

**c.     Page Limit Extensions**

The Court generally will not approve extensions of page limitations. Parties seeking an extension of the page limit must do so at least five (5) days in advance of their filing deadline and should explain with specificity the reasons necessitating the extension.  If a party files a motion to extend the page limit at the same time his or her brief is due, the extension request will be denied absent a compelling and unanticipated reason for violating the Rule.  The Court will not consider any arguments made in pages that exceed the Local Rules' requirements.

### d. Conferences

Scheduling, discovery, pre-trial, and settlement conferences promote the speedy, just, and efficient resolution of cases. The Court encourages the parties to request a conference with the Court when necessary or helpful.

### e. Joint Preliminary Report and Discovery Plan

Local Rule 16.1 requires lead counsel for the parties to confer with each other prior to filing the Joint Preliminary Report and Discovery Plan. This conference may be conducted by telephone.

For every deadline addressed in the Joint Preliminary Report and Discovery Plan, the parties must provide specific dates, rather than simply a number of days or months. The Court recognizes this may not be possible when a defendant files a motion to dismiss or other motion that delays the start of the discovery process. In such an event, the parties must state the number of months that discovery is expected to take and other deadlines that follow from that period. Within 14 days *after* a ruling on any motion to dismiss or other motion that delays the start of discovery, the parties must file an ***Amended Joint Preliminary Report and Discovery Plan*** to identify exact days for each of the required deadlines.

After reviewing the Joint Preliminary Report and Discovery Plan, the Court may schedule a Rule 16 conference. The Court will also do so at the request of counsel.

### f. Initial Disclosures

Initial disclosures should be as complete as possible based upon information reasonably available. Responses may not be reserved to be provided at a later time.

**g.    Written Discovery**

Responses to written discovery must be in writing and prepared in accordance with the applicable Federal Rules of Civil Procedure and Local Rules of this Court. Federal Rules of Civil Procedure 33(b)(4) and 34(b)(2)(B) prohibit boilerplate and general objections. Specific objections must be made to each discovery request. If an objection is made to certain specific parts of a written discovery request, responses and documents must be provided in response to those portions to which an objection was not asserted.

Evidence introduced at trial that was requested but not disclosed during the discovery period will not be admitted.

**h.    Detailed Discovery Plan**

The Court may require the parties to file a detailed discovery plan. These plans may be required (1) when the parties request a discovery extension or (2) when the parties seek to conduct discovery over a period longer than the discovery period assigned when the case is filed. Such a plan must provide, at a minimum, the date on which written discovery will be served, the persons and entities to be deposed and the date on which each deposition is scheduled to be conducted (if the plan is required early in the case, the parties will be required to provide a beginning and end date for the period during which depositions will be conducted and to state the date on which specific depositions will be conducted, understanding that not all deponents will have been identified), the date on which experts will be designated and counter-designated, and the dates on which each expert will be deposed.

**i.    Discovery Disputes**

The Court will work to reduce delay and inefficiency arising from discovery disputes. The parties, therefore, must submit discovery disputes to the Court before formal motions to compel or motions for a protective order are filed. To begin the process, the parties should email Mr. Thurman to notify the Court of the dispute and to request a conference. In doing so, the movant must send Mr. Thurman (with a copy

to all counsel of record) a brief email (not to exceed one page) summarizing the dispute and the relief sought. If the matter is time-sensitive, the movant should make that clear. Mr. Thurman will instruct the parties how to proceed, generally with short, emailed statements to the Court that lay out the dispute. The text of any interrogatory or request for production at issue must be provided. The Court will then schedule a hearing, likely by phone, at which a court reporter will be present.

If any party has a dispute with a non-party (*e.g.*, regarding a subpoena), the party and the non-party must follow these instructions, and the party must promptly inform the non-party of this discovery-dispute policy. If the non-party requires the Court's involvement in resolving the dispute, it should follow the process set forth above.

Motions to compel, to quash a subpoena, for a protective order, or for sanctions ordinarily should **NOT** be filed without a prior conference with the Court.

If a bona fide dispute arises during a deposition that the parties cannot resolve despite a good-faith effort to do so, counsel should not hesitate to call the Court. The Court is usually available by telephone to resolve objections and disputes that arise during depositions.

### j. Confidentiality Agreements, Protective Orders, and Motions to Seal

If the parties find that a confidentiality agreement is necessary, the following language should be included in any consent confidentiality order submitted for the Court's consideration:

> Any document, material or other information designated as entitled to protection under this Order which is submitted to the Court in support of a pleading, or introduced at a hearing, trial or other proceeding, in this action may continue as protected material only by Order of the Court in accordance with these procedures. If information entitled to protection

under this Order is submitted to the Court in support of a pleading, such information shall maintain its privileged status for ten (10) days. During this ten-day period, the party who designated the information as protected may move the Court to continue the protected status of the information by submitting to the Court a motion for continued protection. The moving party should indicate whether or not the motion is opposed. If the motion is opposed, the opposing party shall have five (5) days from the date that the original motion is filed to file a response. The copy of the motion must be delivered to chambers and accompanied by an un-redacted copy of the designated material(s). As an aid to the Court, the un-redacted copy must be tabbed, marking each section for which continued protection is being requested, so the Court can easily review and determine if continued protection will be granted.

A party who seeks to introduce protected information at a hearing, trial or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected. If the party who designated the information as protected requests the protection be continued, the Court will review the information, *in camera*, to determine if the information is entitled to continued protection.

Please note: It is not the Court's practice to allow entire pleadings to be sealed from public view, but only to allow the redaction of specific portions of a pleading if a proper foundation is laid that protection of confidential or proprietary information is required. Counsel should use discretion in requesting protection for a document, material or information within documents or pleadings and only seek protection where factually necessary and legally permitted, e.g., bank account numbers, scientific formulas, confidential pricing calculations.

7

### k.     Close of Discovery

All discovery must be initiated to ensure that answers and responses to the discovery are due before the close of discovery. The Court will not enforce side agreements to conduct discovery beyond the end of the discovery period, and the Court will not compel responses to discovery that were not initiated in time for responses to be made before discovery ends.

Motions requesting extensions of time must be made prior to expiration of the existing discovery period and will be granted only in those cases where the attorneys could not have anticipated that certain circumstances would arise that would require an extension.

The Court will not permit the taking of depositions for the preservation of testimony after the close of discovery, absent a good faith reason to do so. A party must request the Court's permission to conduct a preservative deposition.

### l.     Expert Witnesses

The requirements of Local Rule 26.2(C) must be met. Failure to identify an expert and serve an expert report as required by Local Rule 26.2(C) may result in the expert being precluded from offering testimony in a case.

### m.     Motions for Temporary Restraining Order or Preliminary Injunction

Any request for a temporary restraining order or preliminary injunctive relief must be made by a separate motion. A request for a temporary restraining order or preliminary injunction found only in the complaint will not be considered. After filing an appropriate motion, the movant must contact Mr. Thurman to request expedited consideration.

**n.    Motions for Summary Judgment**

All citations to the record evidence should be contained in each party's brief, not just in the party's statement of undisputed (or disputed) facts.  The party should include in the brief, immediately following the deposition reference, a citation indicating the page and line numbers of the transcript where the referenced testimony can be found.  The party should also attach to the brief a copy of the specific pages of the deposition that are referenced in the brief (plus a page from the record before and after the cited excerpt).  The party should not attach to the brief a copy of the entire deposition transcript.  The entire deposition transcript is to be filed separately under a notice of filing original deposition transcript.

In addition to the requirements of Local Rule 56.1, please file summary judgment pleadings as follows:

<u>Movant's Statement of Undisputed Material Facts</u>:
Each of the movant's numbered undisputed material facts must be accompanied by citations to specific record evidence to support such fact.  The movant shall hand-deliver to the Court the excerpts of the record evidence to which the movant cites.  The excerpts shall be included in an appendix.  The appendix is required to contain separate, numbered tabs or groups corresponding to each numbered statement of material fact.  Within each tab or group, the movant shall include copies of the record evidence that is cited as support for the corresponding statement of material fact.  For example, if the movant's third undisputed material fact cites two instances of deposition testimony, the third tab or group in Movant's Supporting Excerpts should contain copies of the two relevant excerpts from the deposition transcripts (plus a page from the record before and after the cited excerpt). If excerpts are relied upon to support an earlier numbered statement and they appear elsewhere in the appendix of Supporting Excerpts, the undisputed fact may refer to the previously numbered tab where the excerpts are collected, so long as the specific documents in such tab or group upon which the party relies is specifically identified.

<u>Response to the Statement of Undisputed Material Facts</u>:

Undisputed facts alleged by the movant will be deemed admitted unless specifically controverted by the respondent. In responding to undisputed facts, the opposing party should first copy into its response the movant's statement of material fact to which it is responding, state whether the facts is disputed or undisputed, and provide its response to the statement immediately following. If disputed, the opposing party shall cite to the record facts that create the dispute and provide to the Court excerpts of the record upon which the party relies. The excerpts shall be included in an appendix, organized in the form described above, and provided to the Court.

<u>Respondent's Statement of Additional Facts</u>:

In addition to filing a response to the movant's numbered material facts not in dispute, the respondent may also file a numbered statement of facts that it contends are material and present a genuine issue for trial. The respondent must cite to specific evidence in the record to support each of its additional facts. Excerpts supporting each statement also should be provided to the Court in the form described above for the movant's Statement of Material Facts.

<u>Response to Statement of Additional Facts</u>:

Additional facts alleged by the respondent will be admitted as true or disputed unless specifically controverted by the movant. The movant shall respond to a statement of additional facts in the manner described above for responding to the movant's Statement of Undisputed Material Facts.

**o.    Requests for Oral Argument on Motions**

In accordance with Local Rule 7.1(E), motions are usually decided without oral argument, but the Court will consider any request for hearing. If oral argument is requested, the party or parties should specify the particular reasons argument may be helpful to the Court and what issues will be the focus of the proposed argument. Moreover, the Court shall grant a request for oral argument on a contested substantive motion if the request states that a lawyer of less than five years out of law school will be chiefly responsible for conducting the oral argument, it

being the Court's belief that new lawyers need more opportunities for Court appearances than they usually receive. More senior attorneys may participate as necessary, but the junior attorney must have a lead role. Attorneys are encourage to utilize this opportunity.

**p.     Proposed Orders**

For all consent, unopposed, or joint motions, the filing party shall include a proposed order granting the motion.

**q.     Pretrial Order**

If a motion for summary judgment is pending, the proposed consolidated Pretrial Order is required to be filed within thirty (30) days after the entry of an order ruling on the motion for summary judgment, unless a specific due date is set.

Local Rule 16.4 sets forth the requirements of the Pretrial Order. This includes a statement of any pending motions or other matters. The parties should identify any motions *in limine* that they anticipate filing as well as any motions objecting to expert testimony based upon *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 1113 S.Ct. 2786 (1993). Upon receipt of the Pretrial Order the Court will issue a scheduling order setting dates for hearings on any *Daubert* motions previously filed, briefing and hearings on motions in *in limine,* a Pretrial Conference, other pre-trial matters, and the date on which the trial will begin.

Local Rule 16.4 also requires the parties to provide proposed voir dire. Before doing so, the parties shall go to the district court's website at www.gand.uscourts.gov. On the home page select Individual Judges Instructions, which will direct you to cases before Judge Brown. Here, the Court has provided its Standard Qualifying Questions and Background Jury Questions to be asked of prospective jurors at trial. Please do not duplicate these questions in your proposed voir dire.

As part of the Pretrial Order, the parties must submit **a single, unified set of proposed voir dire.** The parties may divide the list according to the questions that each party proposes to ask but any objections by the opposing party must be included directly below the question at issue.

The statement of contentions in the Pretrial Order governs the issues to be tried. The plaintiff should make certain that all theories of liability are explicitly stated, together with the type and amount of each type of damage sought. The specific actionable conduct should be set out, and, in a multi-defendant case, the actionable conduct of each defendant should be identified. The defendant should explicitly set out any affirmative defenses upon which it intends to rely at trial, as well as satisfy the above requirements with respect to any counterclaims.

The exhibits intended to be introduced at trial shall be specifically identified. The parties shall mark their exhibits using Arabic numbers (for example, Plaintiff's Exhibit 1 or Plaintiff Jones-1 if more than one plaintiff). The parties shall adhere to the guidelines for color coding of exhibit stickers set forth in Local Rule 16.4(B)(19)(b). The parties shall number each exhibit separately. For example, exhibits should not be grouped as "hospital records" or "photographs."

In listing witnesses or exhibits in the Pretrial Order, a party may not reserve the right to supplement their list and may not adopt another party's list by reference. Witnesses and exhibits not identified in the Pretrial Order may not be used during trial, unless it is necessary to allow evidence to be introduced to prevent a manifest injustice.

In preparing the Pretrial Order, each party shall identify to opposing counsel each deposition, interrogatory or request to admit response (or portion thereof), which the party expects to or may introduce at trial, except for impeachment purposes. All exhibits, depositions, and interrogatory and request to admit responses shall be admitted at trial when offered unless the opposing party asserts a specific objection in the Pretrial Order.

**r.     Pretrial Conference**

The Court will conduct a pretrial conference to simplify the issues to be tried and to rule on evidentiary objections raised in the pretrial order and motions *in limine.*

The parties are required, five (5) business days before the pretrial conference, to identify in writing to the Court the specific witnesses they will call in their case-in-chief at trial.  The list should be sent by email to Mr. Thurman. The Court generally does not require the parties to bring with them to the pretrial conference the exhibits to which there are objections. The Court will consider the admissibility of exhibits at trial where the Court will have context for ruling on objections to exhibits.  To the extent there is a group of exhibits, or a particular issue to which they pertain, where a ruling on the group or issue may impact the admissibility of exhibits, these groups and issues may be appropriate subjects for Motions *in Limine*.

**s.     Proposed Findings of Fact and Conclusions of Law**

When counsel is required to submit proposed findings of fact and conclusions of law, the parties should confer and provide the Court a single, unified set of proposed findings of fact and conclusions of law.  In other words, the Court requires a consolidated set of proposed findings to which all parties agree.  Following the agreed upon proposed findings, each party may list its own additional contested findings.  Below each contested finding, the parties shall indicate which party has proposed the finding, the legal or factual basis for the proposed finding, and the other party's objection to the proposed finding.  The parties should assist the Court in working from one consolidated document rather than competing documents.

**t.     Courtroom Technology**

Our courtroom has various electronic equipment for use by counsel at trial.  For more information on the equipment, or to schedule an opportunity to test the equipment, please contact Mr. Thurman.  It is the parties' responsibility to make sure they know how to use the equipment

13

available, to have the cables necessary to hook up their equipment, and to ensure that their equipment will interface with the Court's technology.

Any party or counsel without a blue attorney ID card issued through the U.S. Marshals Service who would like to bring in the courthouse electronic equipment, such as a laptop computer or cellphone with a camera, must file a proposed order in the case allowing the same. The proposed order should identify the electronic equipment, specify the date(s) of the hearing or trial to which the party or counsel desires to bring the equipment, and identify the courtroom to which the equipment will be brought.  This should be done not less than three (3) business days prior to the hearing or trial, to allow for proper notification to the U.S. Marshals Service.

**u.    Jury Trial**

The Court usually is in session from 9:00 a.m. until 5:00 p.m.  There will be a ten (10) minute recess mid-morning and again mid-afternoon, as well as a lunch break.

When the jury is in the courtroom, it is the Court's and the litigants' responsibility to use the jury's time efficiently.  If matters need to be taken up outside the presence of the jury, they should be raised during breaks or before the start of the trial day.  It is each party's responsibility to have enough witnesses on hand for each day's proceedings.

**v.    Jury Charges**

Ordinarily, the Court will charge the jury before closing argument. The jury will be provided with a written copy of the jury instructions. Requests to charge and verdict forms shall be filed on CM/ECF no later than noon on the Friday before the case is calendared or specially set for trial, unless otherwise ordered by the Court. LR 51.1(A), NDGa. The parties must also email to the Courtroom Deputy Clerk, in Microsoft Word format, an electronic copy of the proposed jury instructions.

The parties must submit jury instructions in **a single, unified set of proposed jury instructions** that clearly identifies those jury instructions to which both parties agree and those instructions to which the parties do not agree.  For those instructions that are not agreed upon, the parties should indicate in consolidated fashion (using redline or different fonts) precisely what language is contested and the grounds for any objection.  In other words, the Court requires a consolidated set of jury instructions to which all parties agree.  Following the agreed-upon jury instructions, the parties should include those instructions to which opposing counsel objects.  Where an instruction is not agreed upon, the parties should indicate who is proposing the instruction and the legal basis for the instruction and for the other party's opposition to the instruction.

Counsel must use the Eleventh Circuit Pattern Jury Instructions and O'Malley's Federal Jury Practice and Instructions, if applicable.  If state law applies, counsel shall present the appropriate pattern instruction from the applicable state.

**IT IS SO ORDERED**.

Dated: June 29, 2018
Atlanta, Georgia

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE